UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| LEON POSADA | CIVIL ACTION NO. 12-338-P |
| VERSUS | JUDGE STAGG |
| FORD STINSON, JR., ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Leon Posada ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in the United States District Court for the Middle District of Louisiana on January 23, 2012, and by order was transferred and received and filed in this Court on February 1, 2012. Plaintiff is incarcerated at the Bossier Parish Minimum Security Facility in Plain Dealing, Louisiana. He names Judge Ford Stinson, the Parish of Bossier, and the State of Louisiana as defendants.

Plaintiff claims that Judge Stinson denied his initial motion for a speedy trial based on false allegations. He claims he resubmitted his motion for a speedy trial and was granted a reconsideration hearing set for January 18, 2011. He claims he was denied a speedy trial and the court did not inform him of the ruling on his motion or the reasons for the ruling.

Plaintiff claims Judge Stinson ordered his bond forfeited and he was not granted a bail hearing. He claims that on February 7, 2012, he filed a motion to suppress evidence and a motion to quash the bill of information. He claims that on March 19, 2012, Judge Stinson denied these motions as moot because he had pleaded guilty.

Accordingly, Plaintiff seeks monetary damages and interest.

For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

**Judge Ford Stinson, Jr.**

Plaintiff claims Judge Ford Stinson, Jr. denied his motions for a speedy trial, ordered his bond forfeited without a bail hearing, denied his motion to suppress evidence, and denied his motion to quash the bill of information. Plaintiff cannot maintain claims against Judge Stinson. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against Judge Ford Stinson, Jr. should be dismissed as frivolous.

**State of Louisiana**

Plaintiff names the State of Louisiana as a defendant in this action. Accordingly, this Court must examine Plaintiff's claim for an award of money damages to see if the Court's jurisdiction over those claims is barred by the Eleventh Amendment. Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

The Eleventh Amendment provides:

> The judicial power of the United States Shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment has been judicially interpreted as a bar to suits in federal court by a private party seeking to impose liability which must be paid with funds from the State Treasury. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Ford Motor Company v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 84 L.Ed.2d 389 (1945).

Congress has not abrogated the States' Eleventh Amendment immunity in Section 1983 actions. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only avenue by which a plaintiff may seek money damages against the State in federal court is if the State, by the most express language or by overwhelming implications, consents to be sued in federal court. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed. 2d 662, 678 (1974); Brennan v. Stewart, 834 F.2d 1284, 1251-53 (5th Cir. 1988).

The Louisiana State Constitution, Article 12, Section 10(a), in pertinent part provides: "the state...shall [not] be immune from suit and liability for injury to person or property." The State's limited waiver of immunity is further qualified by LA. R.S. 13:5106, which prohibits suits against the State in any court other than a Louisiana state court. American Telephone and Telegraph Co. v. Madison Police Jury, 465 F.Supp. 168 (D.C. 1977).

The State's limited waiver of immunity from suit in state court must not be misconstrued as a waiver of constitutional immunity under the Eleventh Amendment from suit against a state in federal court. The State of Louisiana has not waived its rights under the Eleventh Amendment. Usry v. Louisiana Department of Highways, 459 F.Supp. 56, 63-64 (E.D. La. 1978); Kiper v. Louisiana State Bd. of Elementary and Secondary Education, 592 F.Supp. 1343 (M.D. La.), aff'd 778 F.2d 789 (5th Cir. 1985).

Plaintiff instituted the instant action pursuant to 42 U.S.C. § 1983. This Court is aware of no provision enacted by Congress which, under these circumstances, authorizes an award of money damages against a state as retrospective relief for alleged past wrongs. Stewart, at 1252. Plaintiff's claims and the relief sought fall within the strictures enunciated in Stewart, thereby barring a retrospective award of damages. This Court cannot grant Plaintiff the relief he seeks.

Accordingly, his claims against the State of Louisiana should be dismissed without prejudice because this Court lacks subject matter jurisdiction.

**Parish of Bossier**

Plaintiff also names the Parish of Bossier as a defendant, because Judge Ford Stinson,

Jr. And the Twenty-Sixth Judicial District Court directly represent it. For the following reasons, any claims against the Parish are frivolous and otherwise fail to state a claim for which relief can be granted.

Bossier Parish, as a local governing body, is a "person" within the meaning of § 1983 and therefore is subject to suit under that provision. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible." Monell, 436 U.S. at 694. Further, the plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. See Collins v. City of Harker Heights, 503 U.S. 115, 122-24, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); Berry v. McLemore, 670 F.2d 30, 33-34 (5th Cir.1982), overruled on other grounds, Int'l Woodworkers of America v. Champion Int'l Corp., 790 F.2d 1174 (5th Cir.1986).

In the instant case, Plaintiff has not alleged a legitimate basis for having named the Parish in his complaint. He has not identified a parish policy, practice, or custom which caused the damages he asserts in the manner contemplated Monell. Instead, his claims are based on specific actions or inactions by Judge Stinson who is not a parish employee.

Accordingly, the claims against Bossier Parish should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915(e), § 1915A, and § 1997e.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against Judge Ford Stinson, Jr. be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. **IT IS FURTHER RECOMMENDED** that the claims against Bossier Parish should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915(e), § 1915A, and § 1997e.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 21st day of June 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE